UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WILLIAM SCHLOSSER,               )
                                 )
                Plaintiff,       )
                                 )
        v.                       )        No. 4:05 CV 1961 DDN
                                 )
MICHAEL J. ASTRUE,[1]            )
Commissioner of Social Security, )
                                 )
                Defendant.       )

**MEMORANDUM**

This action is before the court for judicial review of the final decision of the defendant Commissioner of Social Security denying the application of plaintiff William Schlosser for benefits under Title II and Title XVI of the Social Security Act (the Act), 42 U.S.C. § 401, <u>et seq.</u>, and 42 U.S.C. § 1381, <u>et seq.</u>, respectively. The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## 1. Background

On April 30, 2003, plaintiff applied for disability benefits. He alleged he became disabled on January 1, 2001, at the age of 43, due to depression. (Tr. 21, 54, 125.) At the hearing on April 27, 2004, before the administrative law judge (ALJ), plaintiff amended the alleged onset date to February 13, 2002. (Tr. 197.)

Following the April 27, 2004 hearing, the ALJ denied benefits. (Tr. 9-15.) Because the Appeals Council denied review of the ALJ's decision, it became the final decision of the Commissioner for review in this action. (Tr. 3-6.)

---

[1]Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted as defendant in this action. 42 U.S.C. § 405(g).

## 2. General Legal Principles

The court's role on judicial review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006). "Substantial evidence is relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Id. In determining whether the evidence is substantial, the court considers evidence that detracts from, as well as supports, the Commissioner's decision. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000). So long as substantial evidence supports that decision, the court may not reverse it merely because substantial evidence exists in the record that would have supported a contrary outcome or because the court would have decided the case differently. See Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove he is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least 12 months. See 42 U.S.C. §§ 423(a)(1)(D), (d)(1)(A), 1382c(a)(3)(A). A five-step regulatory framework governs the evaluation of disability in general. See 20 C.F.R. §§ 404.1520, 416.920;[2] see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step process); Fastner v. Barnhart, 324 F.3d 981, 983-84 (8th Cir. 2003). If the Commissioner finds that a claimant is disabled or not disabled at any step, a decision is made and the next step is not reached. 20 C.F.R. § 404.1520(a)(4).

The ALJ determined that plaintiff had engaged in substantial gainful activity after the alleged onset date of his disability, at Step One in the process. (Tr. 14.) The burden remains on plaintiff to show

---

[2]The regulations issued by the Commissioner for deciding plaintiff's claim under Title II of the Act (found in 20 C.F.R. Part 404) and the ones issued for his disability claim under Title XVI of the Act (found in 20 C.F.R. Part 416) are identical. Therefore, unless otherwise indicated, to avoid needless redundancy, citations to the regulations will be to Part 404 only.

that he was not engaging in substantial gainful activity and was continuously disabled during that time. <u>Anderson v. Heckler</u>, 726 F.2d 455, 457 (8th Cir. 1984).

### 3. The ALJ's Decision

In the decision denying benefits, the ALJ found that plaintiff continued to work as a self-employed insurance agent after the alleged disability onset date of February 13, 2002. The ALJ found that this employment constituted substantial gainful employment and, therefore, plaintiff was not disabled. (Tr. 14.)

The ALJ considered plaintiff's age and education. Plaintiff was, at the time of the decision, a 47-year old man with a law school degree. He had worked as an attorney, a telemarketer, and an insurance agent. (Tr. 12.)

The ALJ discussed plaintiff's subjective complaints. He noted plaintiff complained of depression, and had feelings of hopelessness and despair. Plaintiff had suicidal thoughts, difficulty functioning, and difficulty getting things done. He was nervous calling people. Plaintiff testified that he works as much as he can three days a week, and does not work two days a week. (Tr. 12-13.)

The ALJ considered the opinion of psychiatrist M.S. Arain, M.D., but found it not credible because Dr. Arain did not discuss plaintiff's ongoing employment as an insurance agent.[3] Dr. Arain's opinion was also

---

[3]On November 18, 2003, plaintiff visited Dr. Arain for a psychiatric evaluation. Plaintiff was diagnosed with major depressive disorder, recurrent, and personality disorder. He was prescribed Wellbutrin XL. (Tr. 176-79.) Plaintiff continued to be treated by Dr. Arain from December 2003 until March 2004. (Tr. 167-73.)

On March 24, 2004, Dr. Arain completed a Medical Source Statement, Mental. Dr. Arain opined that plaintiff was moderately limited in many areas. (Tr. 188-89.)

On July 19, 2004, Dr. Arain wrote a letter concerning plaintiff. Dr. Arain opined plaintiff would not be able to sustain gainful employment due to his mental impairment and that he would have difficulty maintaining full-time employment. (Tr. 271.)

inconsistent with that of F. Timothy Leonberger, Ph.D.,[4] who considered that plaintiff worked on a daily basis and found plaintiff did not have severe limitations. (Tr. 13.)

The ALJ considered plaintiff's argument that, although he has been employed, his earnings were not at the substantial gainful activity level. But the ALJ noted that self-employment evaluations are not based on income alone. Plaintiff told Dr. Leonberger he was working on a daily basis, and reported $10,777 in income in 2001, and $10,160 in 2002.[5] Plaintiff reported driving over 17,000 miles in 2002 for his job, and 15,000 miles in 2001. Generally, the ALJ found that plaintiff's income and expenses before the alleged disability onset date were similar to those after that date. (Tr. 13-14.)

The ALJ found that, although plaintiff became nervous when calling people, he was able to do so. He was able to keep records, make and keep appointments, drive, and use the internet. There is no evidence he has curtailed his activities from earlier years. The ALJ found that plaintiff has engaged in a highly stressful position despite his condition, and if he wished to switch to a lower stress level job, a vocational counselor could help him find another job. The ALJ found that plaintiff was not disabled. (Tr. 14.)

### 4. Plaintiff's Ground for Relief

Plaintiff alleges a single ground for relief: that the ALJ erred when he found that plaintiff's activities met the level of substantial gainful activity because he engaged in a self-employed, part-time job.

---

[4]On June 16, 2003, Dr. Leonberger diagnosed plaintiff with major depressive disorder and personality disorder. Plaintiff was able to maintain independent functioning and activities at an adequate level. He had no impairments of daily living. Plaintiff had a history of withdrawal when he encountered stress. He was functioning well at work at that time. He had continued hope for job success in the future. (Tr. 163-64.)

[5]Plaintiff never submitted his tax return for 2003 to the ALJ, although the ALJ let the record remain open for him to submit it. (Tr. 202.)

-4-

Specifically, plaintiff argues that the ALJ improperly applied 20 C.F.R. § 404.1575.

## 5. Discussion

The main issue before this court is whether the ALJ properly concluded that plaintiff's activities as a self-employed insurance agent are "substantial gainful activity" that indicate he is not disabled.

Substantial gainful activity is work activity that is both substantial and gainful:

(a) Substantial work activity. Substantial work activity is work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before.

(b) Gainful work activity. Gainful work activity is work activity that you do for pay or profit. Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized.

20 C.F.R. § 404.1572; Petersen v. Chater, 72 F.3d 675, 676 (8th Cir. 1995). If a claimant is a self-employed individual, such as plaintiff, a three part test is used to determine if plaintiff engaged in substantial gainful activity.

. . . We will consider your activities and their value to your business to decide whether you have engaged in substantial gainful activity if you are self-employed. We will not consider your income alone because the amount of income you actually receive may depend on a number of different factors, such as capital investment and profit-sharing agreements. We will generally consider work that you were forced to stop or reduce to below substantial gainful activity after 6 months or less because of your impairment as an unsuccessful work attempt. See paragraph (d) of this section. We will evaluate your work activity based on the value of your services to the business regardless of whether you receive an immediate income for your services. We determine whether you have engaged in substantial gainful activity by applying three tests. If you have not engaged in substantial gainful activity under test one, then we will consider tests two and three.

20 C.F.R. § 404.1575(a)(emphasis added). Test One provides that one engages in substantial gainful activity, if in the operation of his business, he renders "significant services" and receives "substantial income." Id. at § 404.1575(a)(1). Test Two provides that one engages in substantial gainful activity, if he performs work activity that is comparable in specific ways to that performed by unimpaired persons in the same community in the same or similar line of work. Id. at § 404.1575(a)(2). Test Three provides that one engages in substantial gainful activity, if his work activity is worth the amount set forth in § 404.1575(b)(2) when considered in terms of its value to the business or when compared to what an owner of the business would pay an employee to do the same work, even though the work activity is not comparable to that of unimpaired persons. Id. at § 404.1575(a)(3).

Social Security Ruling 83-34 discusses self-employment and finds that "[i]f it is clearly established that the self-employed person is not engaging in substantial gainful activity on the basis of significant services and substantial income [(Test One)], both the second and third substantial gainful activity tests concerning comparability and worth of work must be considered." 1983 WL 31256 at *9 (S.S.A. 1983).

Test one is two-part and requires that the individual render significant services and receive substantial income. In a one-person business operation, such as plaintiff's, any services are considered significant. Social Security Ruling 83-34, 1983 WL 31256 at *2. Income is considered "substantial" if it meets the requirements of "countable income" in 20 C.F.R. § 404.1575(c)(1),[6] or if the income plaintiff receives is "comparable to that which he or she had before becoming disabled, or is comparable to that of unimpaired self-employed individuals in his or her community engaged in the same or similar businesses . . ." Id. at *4.

Here, the ALJ compared plaintiff's income in 2001 with that in 2002, before and after the alleged disability onset date. Offsetting plaintiff's income with his expenses, he had negative countable income

---

[6]Whether income is substantial is determined by deducting expenses and other allowable deductions from gross income. 20 C.F.R. § 404.1575(c).

for both years under 20 C.F.R. § 404.1575(c).  The ALJ found that plaintiff's average monthly expenses in 2001 and 2002 were comparable and indicated full time work activity.  The ALJ noted that income was only one factor to be considered, and implied that plaintiff could be found to have engaged in substantial gainful activity under any of the three tests.  (Tr. 13-14.)  However, the ALJ never expressly decided whether or not plaintiff's income was substantial or whether or not his services were significant to the operation of his business, both of which are key findings for the application of Test One.

Without making the required findings and conclusions in the application of Test One, the ALJ appeared to apply Test Two and found plaintiff had engaged in substantial gainful activity.  Test Two required the ALJ to determine whether or not plaintiff engaged in work activity which was comparable to that of unimpaired individuals in the same community in the same or similar business, in "terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities."  20 C.F.R. § 404.1575(a)(2)(ii).  However, in doing so, the ALJ failed to abide by the admonition that

> [e]vidence of the impaired individual's activities accompanied by a statement that the work is comparable to the work of unimpaired persons is insufficient for a sound decision.  If necessary, a description should be obtained through a personal interview with an unimpaired self-employed individual from the selected group.

Social Security Ruling 83-34, 1983 WL 31258 at *9; <u>Downes v. Barnhart</u>, 289 F. Supp. 2d 1072, 1074-75 (S.D. Iowa 2003)

In applying Test Two, the ALJ failed to determine what a comparable person with plaintiff's job would do.  The ALJ described plaintiff's activities and concluded that they were comparable to that of an unimpaired individual without a specific evidentiary basis. This is exactly what Social Security Ruling 83-34 proscribes.

The ALJ failed to make the findings and conclusions required for the correct application of either Test One or Test Two, and failed to consider Test Three at all.  There is not substantial evidence on the record supporting the decision of the ALJ that plaintiff has engaged in

substantial gainful activity.[7]  Therefore, the final decision of the Commissioner must be reversed and remanded for reconsideration and a correct application of the prescribed tests.  Petersen v. Chater, 72 F.3d at 678.

Therefore, this action is remanded for the proper consideration of whether plaintiff engaged in substantial gainful activity under the Act and the regulations.  An order in accordance with this memorandum is filed herewith.


_____/S/ David D. Noce_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**


Signed on March 16, 2007.

---

[7]Plaintiff argues that it was error for the ALJ to skip Test One and proceed under Test Two.  The ALJ must proceed onto Tests Two and Three if he finds plaintiff did not engage in substantial gainful activity under Test One.  See generally Camper v. Sullivan, 1991 WL 352422 (N.D. Cal. 1991).  However, there is little case law on whether the ALJ can skip Test One and find that plaintiff did engage in substantial gainful activity under Tests Two or Three.  See Hobson v. Apfel, 2001 WL 34368379, at *6 (D. Del. Feb. 28, 2001) (without specifically making a finding under Test One, because plaintiff's actual income was unknown, court found that plaintiff had engaged in substantial gainful activity based on his activities).  However, regardless of whether it was error for the ALJ to skip Test One and proceed under Test Two, there is not substantial evidence supporting his findings under Test Two.